FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 17 2010

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

TCB

| | | |
|---|---|---|
| **PHILLIP WAYNE ELLINGTON, II,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | Civil Action Number: |
| | : | 1:10-CV-1868 |
| **SPARTAN TECHNOLOGIES, INC.** | : | |
| **and RICHARD V. CLEMENTS, JR.,** | : | **Jury Trial Demanded** |
| | : | |
| **Defendants.** | : | |
| | : | |

### COMPLAINT

COMES NOW, PHILLIP WAYNE ELLINGTON, II, Plaintiff above,

(hereafter "Plaintiff") by and through the undersigned counsel and files his

Complaint showing the Court as follows:

### INTRODUCTION

1.

Plaintiff was employed as Senior Vice President of Sales and Operation by

Defendants Spartan Technologies, Inc. and Richard V. Clements, Jr. in Atlanta,

Georgia from on or about March 1, 2008 until April 30, 2009.

2.

Plaintiff brings this action under the Fair Labor Standards Act of 1938 (as

- 1 -

amended), 29 U.S.C. § 201 et seq., (hereinafter "FLSA") to (1) receive the minimum wage for work weeks in which the employer failed to pay him and an additional like amount as liquidated damages; (2) to receive overtime pay for work weeks in which he worked more than forty hours and an additional like amount as liquidated damages; and (3) to recover his costs of litigation, including his reasonable attorneys' fees.

3.

In addition to his federal causes of action, Plaintiff asserts pendent state law claims which arise out of the same set of operating facts as his federal claims. These are (1) breach of contract, (2) quantam meruit and (3) promissory estoppel.

## JURISDICTION AND VENUE

4.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution; FLSA §16(b), 29 U.S.C. §216(b); 28 U.S.C §§1331 and 1337, because this case arises under the FLSA, a federal statute that affects interstate commerce.

5.

This Court has supplemental jurisdiction over Plaintiff's state law claims set forth herein arising under Georgia law in accord with 28 U.S.C. §1367 because the

- 2 -

state law claims are so related to the federal claims that they form part of the same case or controversy.

6.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. §1391 because Defendants are located in this judicial district and all the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

7.

Plaintiff resides within Fulton County, Georgia.

8.

From July 1, 2008 through April 30, 2009, Plaintiff was an "employee" as defined in the FLSA §3(e)(2)(C), 29 U.S.C. §203(e)(2)(C).

9.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the minimum wage and overtime protections set forth in FLSA §§6 and 7(c), 29 U.S.C. §§206, 207(c).

10.

At all times relevant, Defendant Spartan Technologies, Inc. is a corporation organized under the laws of the State of Georgia.

- 3 -

11.

At all times material hereto, Defendant Spartan Technologies, Inc. has been an "employer" as defined in FLSA §3(d), 29 U.S.C. §203(d), and an "enterprise engaged in commerce" as defined in FLSA §3(s)(1)(C), 29 U.S.C. § 203(s)(1 )(C).

12.

Defendant Spartan Technologies, Inc. is subject to the personal jurisdiction of this Court.

13.

Defendants Spartan Technologies, Inc. may be served with process through its registered agent, Rick Clements, at 1230 Peachtree Street, Suite 1800, Atlanta, Fulton County, Georgia.

14.

At all times material hereto, Defendant Richard V. Clements, Jr. (hereinafter "Clements") has been an "employer" as defined in FLSA §3(d), 29 U.S.C. §203(d).

15.

Clements resides at 5110 Harbury Lane, Suwanee, Gwinnett County, Georgia.

16.

Clements is subject to the personal jurisdiction of this Court.

17.

From or about March 1, 2008 until April 30, 2009, Plaintiff was employed by Defendants as a Senior Vice President of Sales and Operations in Atlanta, Georgia.

18.

Plaintiff was an employee within the meaning of the FLSA at all times from or about March 1, 2008 until April 30, 2009.

19.

From July 1, 2008 through April 30, 2009, Defendants failed to pay Plaintiff a salary.

20.

From July 1, 2008 through April 30, 2009, Defendants failed to compensate Plaintiff for services performed.

21.

From July 1, 2008 through April 30, 2009, Defendants failed to pay Plaintiff at or above the minimum wage as established in accordance with the FLSA.

22.

From July 1, 2008 through April 30, 2009, Plaintiff regularly worked in excess of forty hours each week.

23.

Defendants failed to compensate Plaintiff at one and one half times his

regular rate for work in excess of forty hours in any week from July 1, 2008

through April 30, 2010.

24.

Plaintiff and Defendants were parties to an employment agreement whereby

Defendants agreed to pay Plaintiff a minimum salary of $180,000.00 per year.

25.

Under the employment agreement between the parties, Defendants agreed to

reimburse Plaintiff for expenses incurred on Defendants' behalf.

26.

As of April 20, 2009, Defendants owed Plaintiff the sum of $135,000.00 in

back wages.

27.

As of April 20, 2009, Defendants owed to Plaintiff the sum of $23,000.00 in

unreimbursed expenses.

28.

Plaintiff has demanded payment of the back wages and expenses referenced

in paragraphs 26 and 27 above.

29.

Defendants have refused to pay Plaintiff the back wages and expenses referenced in paragraphs 26 and 27 above.

## COUNT I — FAILURE TO PAY MINIMUM WAGE

30.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

31.

From July 1, 2008 through April 30, 2009, Defendants willfully failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

32.

As a result of underpayment of minimum wage as alleged above, Defendants are liable to Plaintiff in an amount to be determined at trial, in accordance with FLSA § 16(b); 29 U.S.C. §216(b).

33.

Plaintiff is entitled to liquidated damages in addition to the minimum wage compensation alleged above in accordance with FLSA §16 (b); 29 U.S.C. §216(b), because Defendant has willfully and repeatedly violated the FLSA.

34.

Plaintiff is entitled to recover his attorneys' fees and costs of litigation from Defendants in accordance with FLSA §16 (b); 29 U.S.C. §216(b).

## COUNT II — FAILURE TO PAY OVERTIME

35.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this Paragraph.

36.

From July 1, 2008 through April 30, 2009, Defendants failed to pay Plaintiff at one and a half times his regular rate for all work done on behalf of Defendants in excess of forty hour in any week.

37.

From July 1, 2008 through April 30, 2009, Defendants willfully failed to pay Plaintiff at one and a half times his regular rate for work in excess of forty hours in any week.

38.

As a result of the underpayment of overtime compensation as alleged above, Defendants are liable to Plaintiff in an amount to be determined at trial, in accordance with FLSA §16 (b), 29 U.S.C.

- 8 -

39.

Plaintiff is entitled to liquidated damages in addition to the overtime compensation alleged above in accordance with FLSA §16 (b), 29 U.S.C. §216(b), because Defendants have willfully and repeatedly violated the FLSA.

40.

Plaintiff is entitled to recover his attorneys' fees and costs of litigation from Defendants in accordance with FLSA §16 (b); 29 U.S.C. §216(b).

## COUNT III – BREACH OF CONTRACT

41.

The allegations contained in Paragraphs 1 through 40 above are incorporated by reference as if fully set out herein.

42.

Plaintiff and Defendants were parties to a contract of employment (hereafter "the Contract") from on or about March 1, 2008 through April 30, 2009

43.

The Contract provided that Defendants would pay Plaintiff for work that was performed by Plaintiff on behalf of and for the benefit of Defendants.

- 9 -

44.

Defendants' failure to pay Plaintiff for work performed from on or about

July 1, 2008 through April 30, 2009 constitutes a material breach of the Contract.

45.

As the direct and foreseeable result of this breach, Plaintiff has sustained and

continues to sustain damages in an amount to be proved at trial.

## COUNT IV– BREACH OF CONTRACT

46.

The allegations contained in Paragraphs 1 through 45 above are incorporated

by reference as if fully set out herein.

47.

Defendants' failure to pay Plaintiff $23,000.00 in unreimbursed expenses

constitutes a material breach of contract.

48.

As the direct and foreseeable result of this breach, Plaintiff has sustained and

continues to sustain damages of $23,000.00.

## COUNT V – QUANTAM MERIUT

49.

The allegations contained in Paragraphs 1 through 48 above are incorporated

- 10 -

56.

Plaintiff is entitled to a recover from Defendant the reasonable value of the

services he provided as Senior Vice President of Sales and Operations for

Defendants, in an amount to be determined at trial.

## COUNT V - PROMISSORY ESTOPPEL

57.

The allegations contained in Paragraphs 1 through 61 above are incorporated

by reference as if fully set out in this Paragraph.

58.

In March 2008, Defendants promised to pay Plaintiff in return for Plaintiff's

service as Senior Vice President of Sales and Operations for them.

59.

Defendants should have reasonably expected that Plaintiff would induce

action in reliance of said promise, i.e., serve as Senior Vice President of Sales and

Operations for Defendants.

60.

Defendants' promise induced Plaintiff to act in reliance thereof, i.e., to serve

as Senior Vice President of Sales and Operations for Defendants, to his detriment.

- 12 -

61.

Plaintiff's service as Senior Vice President of Sales and Operations for

Defendants conferred a benefit on Defendants.

62.

Defendants failed to pay Plaintiff in accordance with their promise.

63.

Plaintiff relied on Defendants' promise.

64.

Plaintiff's reliance on Defendants' promise was reasonable.

65.

Justice can only be avoided by enforcement of Defendants' promise.

66.

Plaintiff is entitled to a recover from Defendants the reasonable value of the

services he provided as Senior Vice President of Sales and Operations for

Defendants, in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully prays:

1.     That Plaintiff's claims be tried before a jury;

2.     That Plaintiff  be awarded an amount to be determined at trial against

        Defendants in unpaid minimum wage from on or about July 1, 2008 through

April 30, 2009 due under the FLSA, plus an additional like amount in

liquidated damages due because of the Defendants' willful and repeated

disregard for their obligations and Plaintiff's rights under the FLSA, plus

prejudgment interest thereon;

3.   That Plaintiff be awarded an amount to be determined at trial against

Defendants in unpaid overtime compensation due under the FLSA from on

or about July 1, 2008 through April 30, 2009, plus an additional like amount

in liquidated damages due because of the Defendants' willful and repeated

disregard for their obligations and Plaintiff's rights under the FLSA, plus

prejudgment interest thereon;

4.   That Plaintiff have and recover judgment against Defendants for the pendent

state claims herein asserted in amounts to be proved at trial.

5.   That Plaintiff be awarded his costs of litigation, including his reasonable

attorneys' fees from Defendants; and

6.   For such other and further relief as the Court deems just and proper.

Kevin D. Fitzpatrick, Jr.
Ga. Bar No. 262375
3100 Centennial Tower
101 Marietta Street
Atlanta, GA 30303

Charles R. Bridgers
Ga. Bar No. 080791
3100 Centennial Tower
101 Marietta Street
Atlanta, GA 30303

- 14 -

(404) 979-3171                          (404) 979-3150
(404) 979-3170 (f)                      (404) 979-3170 (f)
kevin.fitzpatrick@dcnblaw.com           charlesbridgers@dcnblaw.com

Counsel for Plaintiff                   Counsel for Plaintiff

## CERTIFICATE OF COUNSEL

Pursuant to N.D. Ga. R. 7.1, the below signatory attorney certifies that the

foregoing pleading was prepared with Times New Roman (14 point), one of the

fonts and point selections approved by the Court in N.D. Ga. R. 5.1 C.

/s/Kevin D. Fitzpatrick, Jr.,
Kevin D. Fitzpatrick, Jr.
Ga. Bar No. 262375
Counsel for Plaintiff

- 15 -